CALOGERO, Justice,
concurring.
In September, 1985 this Court decided favorably to the plaintiff Klein that defendant Copeland’s Christmas display “occasioned real damage” under La.Civ.Code arts. 667-669 and must be limited in such manner that it is not “calculated to and [does not] attract an unusually large number of visitors to the neighborhood.” I dissented, being of the view that the Court of Appeal, relying on a plan proposed and implemented by the Jefferson Parish Sheriff’s Department to minimize plaintiff’s concerns,[1] had correctly approved the district court decision to deny injunctive relief. Under all the circumstances I did not believe that Copeland’s Christmas display was a nuisance. The case, in my view, required a balancing of rights and interests, including Copeland’s right to religious expression and Klein’s right to peaceful enjoyment of his premises. My views in this respect were perhaps in part colored by 1) the interest of a majority of Copeland’s neighbors, and 2) metropolitan holiday traditions, which for many years has included extravagant home and lawn Christmas displays in the community. I therefore felt that the Court of Appeal was right in allowing the display within parameters that were designed to reduce to a minimum inconvenience to the relator Klein.
I was in the minority. Five members of this Court and one justice ad hoc ruled that Copeland’s display was a nuisance. Rather than directing its discontinuance, however, the majority simply imposed upon Copeland the burden of ridding the neighborhood of that nuisance by taking steps to so conduct it as not to attract bumper to bumper traffic. I felt then that the majority opinion, in which I had not joined, was imprecise, and that the majority would have better accepted the views of the concurring justice and ordered the display removed. In any event this Court had spoken with a clear majority, and, after rehearing was denied, again with only the author of this opinion voting to grant a rehearing, the decision became final.
When the case returned to this Court in December, 1985, the issue was a separate and distinct one from the September ruling. Had Copeland, or had he not, complied with this Court’s order of September 10? Was he in contempt of the majority’s judgment?
Disagreeing as I might with the Court’s September 10th decision, it constituted a final judgment of this Court, a judgment which must be complied with unless overturned through legal process. Because the decision that the Copeland Christmas display constituted a nuisance was final, and serious charges about noncompliance were urged, I joined with the other members of the Court in remanding for a contempt show cause hearing to be conducted by the trial court. Thereafter we granted writs to review Judge Eason’s ruling.
I agree with the majority in this opinion, and in their action of December 23, that the trial judge was correct in finding defendant in contempt, at the least because he did not, as directed, reduce the volume of all sound accompanying the display to a level which is not audible inside the homes of his nearest neighbors.
*618 I also agree that he did not reduce the size and extravagance of his display to a level which would not draw large crowds to the neighborhood and which would not create bumper to bumper traffic; although as noted hereinabove, I question the wisdom of such an imprecise directive in our September 10 judgment.
On the other hand I would not find that Copeland contemptuously . circumvented this Court’s directive when “he permitted some of his neighbors to erect the figures on their lawns at his expense.” The September 10, 1985 opinion and judgment of this Court did not address the rights of these neighbors and did not attempt to direct Copeland’s activities in relation to these or other neighbors, except for Klein.
I agreé fully with the majority’s determination not to impose punishment for past contempt because defendant purged himself of past behavior by complying fully and quickly with the Court’s order of December 23, 1985.
For these reasons although I do not fully subscribe to the majority opinion, I do concur.

. The plan addressed problems of traffic flow, resident access, litter, and public urination.